**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------

SHIVA STEIN,                                            :
                                                        :
               Plaintiff,                               :   Civil Action No. 1:21-cv-8252
                                                        :
v.                                                      :
                                                        :   **COMPLAINT FOR VIOLATIONS OF**
COLUMBIA PROPERTY TRUST, INC.,                          :   **SECTIONS 14(a) AND 20(a) OF THE**
COLUMBIA PROPERTY TRUST                                 :   **SECURITIES EXCHANGE ACT OF**
OPERATING PARTNERSHIP, L.P.,                            :   **1934**
CONSTANCE B. MOORE, CARMEN M.                           :
BOWSER, JOHN L. DIXON, DAVID B.                         :   **JURY TRIAL DEMANDED**
HENRY, MURRAY J. MCCABE, E.                             :
NELSON MILLS, MICHAEL S. ROBB,                          :
THOMAS G. WATTLES, FINN                                 :
WENTWORTH,                                              :
                                                        :
               Defendants.                              :

---------------------------------------------------------

Shiva Stein ("Plaintiff"), by and through her attorneys, alleges the following upon information and belief, including investigation of counsel and review of publicly-available information, except as to those allegations pertaining to Plaintiff, which are alleged upon personal knowledge:

1.      This is an action brought by Plaintiff against Columbia Property Trust, Inc. ("Columbia Property or the "Company") and the members Columbia Property board of directors (the "Board" or the "Individual Defendants" and collectively with the Company, the "Defendants") for their violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), in connection with the proposed acquisition of Columbia Property by affiliates of Pacific Investment Management Company LLC ("PIMCO").

2.      Defendants have violated the above-referenced Sections of the Exchange Act by causing a materially incomplete and misleading Preliminary Proxy Statement on Schedule 14A (the "Proxy Statement") to be filed on October 6, 2021 with the United States Securities and Exchange Commission ("SEC") and disseminated to Company stockholders.   The Proxy Statement recommends that Company stockholders vote in favor of a proposed transaction whereby Panther Merger Sub, LLC ("Merger Sub"), a wholly owned subsidiary of PIMCO, will merge with and into Columbia Property Trust Operating Partnership, L.P ("OP") with OP surviving the merger; and immediately following, Panther Merger Parent, Inc. will merge with and into Columbia Property with Columbia Property surviving and becoming an affiliate of PIMCO (the "Proposed Transaction").  Pursuant to the terms of the definitive agreement and plan of merger the companies entered into (the "Merger Agreement") each Columbia Property common share issued and outstanding will be converted into the right to receive $19.30 in cash (the "Merger Consideration").

3.      As discussed below, Defendants have asked Columbia Property stockholders to support the Proposed Transaction based upon the materially incomplete and misleading representations and information contained in the Proxy Statement, in violation of Sections 14(a) and 20(a) of the Exchange Act.  Specifically, the Proxy Statement contains materially incomplete and misleading information concerning the Company's financial forecasts and financial analyses conducted by the financial advisors of the Company, Morgan Stanley & Co. LLC ("Morgan Stanley") in support of its fairness opinion, and relied upon by the Board in recommending the Company's stockholders vote in favor of the Proposed Transaction.

4.      It is imperative that the material information that has been omitted from the Proxy Statement is disclosed to the Company's stockholders prior to the forthcoming stockholder vote so that they can properly exercise their corporate suffrage rights.

5.      For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to Columbia Property stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the Defendants' violations of the Exchange Act.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331 (federal question jurisdiction) as Plaintiff alleges violations of Section 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9.

7.      Personal jurisdiction exists over each Defendant either because the Defendant conducts business in or maintains operations in this District, or is an individual who is either present in this District for jurisdictional purposes or has sufficient minimum contacts with this District as to render the exercise of jurisdiction over defendant by this Court permissible under traditional notions of fair play and substantial justice.

8.      Venue is proper in this District under Section 27 of the Exchange Act, 15 U.S.C. § 78aa, as well as under 28 U.S.C. § 1391, because Columbia Property is headquartered in this District.

## PARTIES

9.      Plaintiff is, and has been at all relevant times, the owner of Columbia Property common stock and has held such stock since prior to the wrongs complained of herein.

10.     Individual Defendant Constance B. Moore has served as a member of the Board since 2016.

11.     Individual Defendant Carmen M. Bowser has served as a member of the Board since 2016

12.     Individual Defendant John L. Dixon has served as a member of the Board since 2008.

13.     Individual Defendant David B. Henry has served as a member of the Board since 2016.

14.     Individual Defendant Murray J. McCabe has served as a member of the Board since 2013.

15.     Individual Defendant E. Nelson Mills has served as a member of the Board since 2007.

16.     Individual Defendant Michael S. Robb has served as a member of the Board since 2015.

17.     Individual Defendant Thomas G. Wattles has served as a member of the Board since 2013.

18.     Individual Defendant Finn Wentworth has served as a member of the Board since 2020.

19.     Defendant Columbia Property is incorporated in Delaware and maintains its principal offices at 315 Park Avenue South, New York, NY 10010.  The Company's common stock trades on the New York Stock Exchange under the symbol "CXP."

20.     The defendants identified in paragraphs 10-18 are collectively referred to as the "Individual Defendants" or the "Board."

21.     The defendants identified in paragraphs 10-18 are collectively referred to as the "Defendants."

### SUBSTANTIVE ALLEGATIONS

A.     **The Proposed Transaction**

22.     Columbia Property creates value through owning, operating, and developing Class-A office buildings in New York, San Francisco, Washington D.C., and Boston. The Columbia Property team is deeply experienced in transactions, asset management and repositioning, leasing, development, and property management. It employs these competencies to grow value across its high-quality, well-leased portfolio of 15 properties that contain approximately seven million rentable square feet, as well as four properties under development, and also has approximately eight million square feet under management for private investors and third parties. Columbia Property has investment-grade ratings from both Moody's and S&P Global Ratings.

23.     On September 7, 2021, Columbia Property and PIMCO jointly announced that they had entered into a proposed transaction:

> NEW YORK & NEWPORT BEACH, Calif.--(BUSINESS WIRE)--Columbia Property Trust, Inc. (NYSE: CXP) today announced that it has entered into a definitive agreement to be acquired by funds managed by Pacific Investment Management Company LLC (collectively, "PIMCO"), one of the world's premier global investment management firms, for $3.9 billion including Columbia's proportionate share of consolidated and unconsolidated debt. Under the terms of the agreement, which has been unanimously approved by Columbia's Board of Directors, PIMCO will acquire all of the outstanding shares of Columbia common stock for $19.30 per share in cash. This represents a premium of approximately 27% over Columbia's unaffected closing share price on Friday, March 12, 2021. During this time period the high barrier office sector has traded down 5%.
>
> This transaction with PIMCO is the culmination of a comprehensive strategic review process undertaken by Columbia's Board of Directors which was publicly announced in the spring of this year.

As part of this process, Columbia's Board and advisors invited nearly 90 potential counterparties to participate, including strategic acquirers, private equity firms and other investment management firms.

Constance Moore, Chair of the Columbia Board of Directors, said, "The Board of Directors is pleased to have reached this definitive agreement with PIMCO. This transaction provides Columbia shareholders with immediate and certain cash value at a significant premium to the Company's public market valuation, and we are confident it represents the best outcome for all Columbia shareholders."

Nelson Mills, President and Chief Executive Officer of Columbia, said, "Today's announcement represents the result of a comprehensive strategic review process and demonstrates the value and stability of Columbia's portfolio, the resiliency of our platform, and the capabilities of our team."

"We continue to believe that high-quality office buildings in major U.S. cities offer long-term value for our clients and Columbia has assembled a modernized, well-located portfolio of assets that we expect will perform well in the years ahead," said John Murray, PIMCO Global Head of Private Commercial Real Estate.

Francois Trausch, PIMCO Managing Director and Chief Executive Officer of Allianz Real Estate, added, "This is an exciting transaction and a great example of the strength of relationships within PIMCO's global real estate platform."

The transaction is expected to close as early as year-end, subject to approval by Columbia's shareholders and the satisfaction of other customary closing conditions. Upon completion of the transaction, Columbia's common stock will no longer be listed on the New York Stock Exchange.

Columbia shareholders will be entitled to receive the previously announced third quarter dividend of $0.21 per share payable on September 15, 2021. Thereafter, Columbia will not pay additional quarterly dividends during the pendency of the transaction.

Due to the pending acquisition, Columbia will not be holding a conference call for its third quarter 2021 business results after it releases earnings information.

Morgan Stanley & Co. LLC is serving as lead financial advisor to Columbia and Wachtell, Lipton, Rosen & Katz is serving as legal advisor. Eastdil Secured LLC and J.P. Morgan are also acting as financial advisors to Columbia.

Goldman Sachs & Co. LLC is serving as lead financial advisor to PIMCO and Latham & Watkins LLP and Milbank LLP are serving as legal advisors. Deutsche Bank Securities Inc. is also acting as a financial advisor to PIMCO. Cushman & Wakefield is acting as a real estate consultant to PIMCO.

24.     The Board has unanimously approved the Proposed Transaction. It is therefore imperative that Columbia Property's stockholders are provided with the material information that has been omitted from the Proxy Statement, so that they can meaningfully assess whether or not the Proposed Transaction is in their best interests prior to the forthcoming stockholder vote.

**B.      The Materially Incomplete and Misleading Proxy Statement**

25.     On October 6, 2021, Columbia Property filed the Proxy Statement with the SEC in connection with the Proposed Transaction.  The Proxy Statement was furnished to the Company's stockholders and solicits the stockholders to vote in favor of the Proposed Transaction.  The Individual Defendants were obligated to carefully review the Proxy Statement before it was filed with the SEC and disseminated to the Company's stockholders to ensure that it did not contain any material misrepresentations or omissions.  However, the Proxy Statement misrepresents and/or omits material information that is necessary for the Company's stockholders to make an informed decision concerning whether to vote in favor of the Proposed Transaction, in violation of Sections 14(a) and 20(a) of the Exchange Act.

*Omissions and/or Material Misrepresentations Concerning Columbia Property Financial Projections*

26.     The Proxy Statement fails to provide material information concerning financial projections by Columbia Property management and relied upon by Morgan Stanley in its analysis.

The Proxy Statement discloses management-prepared financial projections for the Company which are materially misleading. The Proxy Statement indicates that in connection with the rendering of its fairness opinion, that the Company prepared certain non-public financial forecasts (the "Company Projections") and provided them to the Board and the financial advisors with forming a view about the stand-alone valuation of the Company. Accordingly, the Proxy Statement should have, but fails to provide, certain information in the projections that Columbia Property management provided to the Board and the financial advisors. Courts have uniformly stated that "projections … are probably among the most highly-prized disclosures by investors. Investors can come up with their own estimates of discount rates or [] market multiples. What they cannot hope to do is replicate management's inside view of the company's prospects." *In re Netsmart Techs., Inc. S'holders Litig.*, 924 A.2d 171, 201-203 (Del. Ch. 2007).

27.     For the Company Projections, the Proxy Statement provides values for non-GAAP (Generally Accepted Accounting Principles) financial metrics: Property Cash NOI, Adjusted EBITDA, Normalized FFO per Share, AFFO per Share, and Unlevered Free Cash Flow, but fails to provide line items used to calculate these metrics and/or a reconciliation of these non-GAAP metrics to their most comparable GAAP measures, in direct violation of Regulation G and consequently Section 14(a).

28.     When a company discloses non-GAAP financial measures in a Proxy Statement that were relied on by a board of directors to recommend that stockholders exercise their corporate suffrage rights in a particular manner, the company must, pursuant to SEC regulatory mandates, also disclose all projections and information necessary to make the non-GAAP measures not misleading, and must provide a reconciliation (by schedule or other clearly understandable method) of the differences between the non-GAAP financial measure disclosed or released with

the most comparable financial measure or measures calculated and presented in accordance with

GAAP. 17 C.F.R. § 244.100.

29.     The SEC has noted that:

> companies should be aware that this measure does not have a uniform definition and its title does not describe how it is calculated. Accordingly, a clear description of how this measure is calculated, as well as the necessary reconciliation, should accompany the measure where it is used. Companies should also avoid inappropriate or potentially misleading inferences about its usefulness. For example, "free cash flow" should not be used in a manner that inappropriately implies that the measure represents the residual cash flow available for discretionary expenditures, since many companies have mandatory debt service requirements or other non-discretionary expenditures that are not deducted from the measure.[1]

30.     Thus, to cure the Proxy Statement and the materially misleading nature of the

forecasts under SEC Rule 14a-9 as a result of the omitted information in the Proxy Statement,

Defendants must provide a reconciliation table of the non-GAAP measure to the most comparable

GAAP measure to make the non-GAAP metrics included in the Proxy Statement not misleading.

*Omissions and/or Material Misrepresentations Concerning Morgan Stanley's Financial Analysis*

31.     With respect to Morgan Stanley's *Research Analyst Price Targets and NAV Targets*

analysis, the Proxy Statement fails to disclose the price targets and analyst estimates of net asset

value reviewed by Morgan Stanley for the analysis and the analysts observed.

32.     With respect to Morgan Stanley's *Comparable Public Companies Analysis*, the

Proxy Statement fails to disclose the individual multiples and metrics for the companies observed

by Morgan Stanley in the analysis.

---

[1] U.S. Securities and Exchange Commission, Non-GAAP Financial Measures, last updated April 4, 2018, available at: https://www.sec.gov/divisions/corpfin/guidance/nongaapinterp.htm

33.    With respect to Morgan Stanley's *Net Asset Value Analysis*, the Proxy Statement fails to disclose: (i) the inputs and assumptions for applying a range of 5% above and below management's estimates of asset value for its operating real estate and 10% above and below management's estimates of asset value for its development in progress; (ii) the estimated net asset value per share of common stock; (iii) estimated value of Columbia Property's cash, investment management and asset management platform and other tangible assets; (iv) debt and other liabilities of the Company; (v) the estimated cost required to consummate the Proposed Transaction; (vi) number of fully diluted shares of Company common stock outstanding as of August 30, 2021.

34.    With respect to Morgan Stanley's *Discounted Cash Flow Analysis* for the Company, the Proxy Statement also fails to disclose: (i) the terminal values for the Company; (ii) the inputs and assumptions underlying the range of discount rates ranging from 6.6% to 7.7%, (iii) Columbia Trust's weighted average cost of capital; (iv) the implied terminal enterprise values of the Company; (v) the inputs and assumptions underlying the range of implied exit capitalization rates of 5.6% to 6.2%; (vi) the outstanding debt and non-controlling interests of the Company; (vii) the outstanding cash of the Company; (viii) the number of fully diluted shares of Company common stock as of August 30, 2021.

35.    With respect to Morgan Stanley's *Premium Paid Analysis* for the Company, the Proxy Statement fails to disclose the premiums observed by Morgan Stanley in the analysis.

36.    In sum, the omission of the above-referenced information renders statements in the Proxy Statement materially incomplete and misleading in contravention of the Exchange Act. Absent disclosure of the foregoing material information prior to the special stockholder meeting to vote on the Proposed Transaction, Plaintiff will be unable to make a fully-informed decision

regarding whether to vote in favor of the Proposed Transaction, and she is thus threatened with irreparable harm, warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

### COUNT I

**On Behalf of Plaintiff Against All Defendants for Violations of
Section 14(a) of the Exchange Act and Rule 14a-9 and 17 C.F.R. § 244.100**

37.    Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

38.    Rule 14a-9, promulgated by the SEC pursuant to Section 14(a) of the Exchange Act, provides that proxy communications with stockholders shall not contain "any statement which, at the time and in the light of the circumstances under which it is made, is false or misleading with respect to any material fact, or which omits to state any material fact necessary in order to make the statements therein not false or misleading."  17 C.F.R. § 240.14a-9.

39.    Defendants have issued the Proxy Statement with the intention of soliciting stockholder support for the Proposed Transaction.   Each of the Defendants reviewed and authorized the dissemination of the Proxy Statement and the use of their name in the Proxy Statement, which fails to provide critical information regarding, among other things, financial analysis that were prepared by Morgan Stanley and relied upon by the Board in recommending the Company's stockholders vote in favor of the Proposed Transaction.

40.    In so doing, Defendants made untrue statements of fact and/or omitted material facts necessary to make the statements made not misleading.  Each of the Individual Defendants, by virtue of their roles as officers and/or directors, were aware of the omitted information but failed to disclose such information, in violation of Section 14(a).   The Individual Defendants were therefore negligent, as they had reasonable grounds to believe material facts existed that were

misstated or omitted from the Proxy Statement, but nonetheless failed to obtain and disclose such information to stockholders although they could have done so without extraordinary effort.

41.     Defendants were, at the very least, negligent in preparing and reviewing the Proxy Statement.  The preparation of a Proxy Statement by corporate insiders containing materially false or misleading statements or omitting a material fact constitutes negligence.  Defendants were negligent in choosing to omit material information from the Proxy Statement or failing to notice the material omissions in the Proxy Statement upon reviewing it, which they were required to do carefully.  Indeed, Defendants were intricately involved in the process leading up to the signing of the Merger Agreement and the preparation and review of strategic alternatives and the Company's financial projections.

42.     The misrepresentations and omissions in the Proxy Statement are material to Plaintiff, who will be deprived of her right to cast an informed vote if such misrepresentations and omissions are not corrected prior to the vote on the Proposed Transaction.  Plaintiff has no adequate remedy at law.  Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

## COUNT II

### On Behalf of Plaintiff Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act

43.     Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

44.     The Individual Defendants acted as controlling persons of Columbia Property within the meaning of Section 20(a) of the Exchange Act as alleged herein.  By virtue of their positions as directors of Columbia Property, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the incomplete and misleading statements

contained in the Proxy Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of Columbia Property, including the content and dissemination of the various statements that Plaintiff contends are materially incomplete and misleading.

45.     Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

46.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of Columbia Property, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the Exchange Act violations alleged herein, and exercised the same.  The omitted information identified above was reviewed by the Board prior to voting on the Proposed Transaction.  The Proxy Statement at issue contains the unanimous recommendation of the Board to approve the Proposed Transaction. The Individual Defendants were thus directly involved in the making of the Proxy Statement.

47.     In addition, as the Proxy Statement sets forth at length, and as described herein, the Individual Defendants were involved in negotiating, reviewing, and approving the Merger Agreement.  The Proxy Statement purports to describe the various issues and information that the Individual Defendants reviewed and considered.   The Individual Defendants participated in drafting and/or gave their input on the content of those descriptions.

48.     By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

49.     As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) and Rule 14a-9, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act.  As a direct and proximate result of Individual Defendants' conduct, Plaintiff will be irreparably harmed.

50.     Plaintiff has no adequate remedy at law.  Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

## RELIEF REQUESTED

WHEREFORE, Plaintiff demands injunctive relief in her favor and against the Defendants jointly and severally, as follows:

A.     Preliminarily and permanently enjoining Defendants and their counsel, agents, employees and all persons acting under, in concert with, or for them, from proceeding with, consummating, or closing the Proposed Transaction, unless and until Defendants disclose the material information identified above which has been omitted from the Proxy Statement;

B.     Rescinding, to the extent already implemented, the Merger Agreement or any of the terms thereof, or granting Plaintiff rescissory damages;

C.     Directing the Defendants to account to Plaintiff for all damages suffered as a result of their wrongdoing;

D.     Awarding Plaintiff the costs and disbursements of this action, including reasonable attorneys' and expert fees and expenses; and

E.     Granting such other and further equitable relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: October 6, 2021                          **MELWANI & CHAN LLP**

By:  /s *Gloria Kui Melwani*
                        Gloria Kui Melwani (GM5661)
                        1180 Avenue of Americas, 8th Fl.
                        New York, NY 10036
                        Telephone: (212) 382-4620
                        Email: gloria@melwanichan.com

                        *Attorneys for Plaintiff*